# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| LARRY P. McGILTON,                )<br>                                                   )<br>            *Plaintiff,*                     )<br>                                                   )<br>    *v.*                                          )<br>                                                   )<br>BNSF RAILWAY COMPANY,      )<br>                                                   )<br>            *Defendant.*                 )<br>                                                   )<br>    Serve:  The Corporation Company  )<br>                515 S. Kansas Ave.            )<br>                Topeka, KS 66603            ) | Case No.:  08-CV-2335 JWL/JPO |

## COMPLAINT

Larry P. McGilton ("the plaintiff") brings this action for personal injuries he sustained while working for the BNSF Railway Company ("the defendant").  For his complaint, the plaintiff states as follows:

### The Parties, Jurisdiction and Venue

1.      The plaintiff brings this action for negligence under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51, *et seq.*  This Court has jurisdiction under 45 U.S.C. § 56 and 28 U.S.C. § 1331.  Venue is proper in this Court under 28 U.S.C. § 1391(c).

2.      The plaintiff is a resident of Shawnee County, Kansas.

3.      The defendant is a Delaware corporation engaged in interstate commerce by railroad, and in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States.  At all times relevant to this complaint, the

COMPLAINT   1

defendant has conducted business in the State of Kansas and in this judicial district.  The

defendant's registered agent for service of process is: The Corporation Company; 515 S. Kansas

Ave.; Topeka, Kansas 66603.

### Facts that Support the Plaintiff's Claims

4.       The plaintiff has worked for the defendant since 1981.  At the time he was

injured, his job title was Stationary Engineer in Topeka.  This job put him in charge of the

defendant's Topeka powerhouse and wastewater treatment plant.

5.       On December 3, 2006, the defendant implemented a shutdown of all power

throughout the entire facility—including the powerhouse—to check circuit breakers and safety

relay switches.  During this procedure, the boilers at the powerhouse were also shut down.

6.       When power was restored, the plaintiff was required to restart the boilers

manually.  Once the boiler was operational, the plaintiff detected a vacuum in the condensate

return line.  This required the plaintiff to drain that line.  After this was done, he was required to

shut off the condensate drain valves, located in the basement of the rotating equipment adjacent

to the powerhouse.

7.       Upon his entry into the basement, the plaintiff encountered heavy steam and dim

lighting that obscured his visibility.  Walking conditions in this are were also poor, as mud and

slime had accumulated on the floor.

8.       In order to access the shut-off valves, the plaintiff was required to walk across a

deep trough that was not covered or otherwise marked or protected.

9.       When the plaintiff stepped into the trough, he slipped on the slime that had

accumulated on the floor.  Scalding water had risen at least to a level as high as the top edge of

the trough.  This caused the plaintiff's feet to be submerged in scalding hot water.  The scalding

water spilled over into the top of his boots, and covered his feet and ankles with scalding water. As a result, the plaintiff suffered severe burns to these areas of his body.

10.     The plaintiffs' injuries include permanent loss of motor function, neurologic function, and disfigurement.  The plaintiff is medically restricted from performing his job as a stationary engineer.

### The Defendant's Liability

11.     At all times relevant to this complaint, the defendant had a legal duty under FELA to provide the plaintiff with safe working conditions, properly working equipment, safe tools and appliances, and safe methods of work.

12.     The defendant (through the acts of its officers, agents, servants and/or the defendant's employees other than the plaintiff) failed to carry out these responsibilities, thereby breaching its duty to the plaintiff in the following respects:

(a)     by failing to provide the plaintiff with proper training, safe equipment, safe clothing, and safe working conditions (specifically adequate protective footwear, sufficient lighting, sufficient visibility, a safe walking surface free of slipping hazards, proper drainage to avoid the accumulation of scalding water, equipment that was configured to eliminate the risk of injury, and a protective covering over the trough into which he stepped);

(b)     by failing to address complaints by the plaintiff and other employees about the walking, lighting, and drainage conditions where the plaintiff was later injured; and

(c)     by failing to promulgate, follow and enforce reasonable rules, customs, practices, policies and procedures for the protection of the plaintiff.

13.     The defendant was negligent in each and every one of the respects outlined in paragraph 12 of this complaint.  That is because the defendant knew, or by the exercise of ordinary care should have known, that in each alleged failure it was reasonably likely that the plaintiff and other employees would suffer bodily injury.

14.     The defendant, in each of its negligent acts alleged in this complaint, has violated FELA.

### The Plaintiff's Damages

15.     The defendant's negligence has caused—in whole or in part–the plaintiff to suffer the following damages:

(a) physical pain and suffering (past, present, and future);

(b) emotional pain and suffering (past, present, and future);

(c) the impairment of his physical ability to perform work, household, and leisure activities;

(d) disfigurement caused by his injuries;

(e) the reasonable value of necessary medical care received and expenses incurred as a result of his injuries;

(f) the present cash value of medical care and expenses reasonably certain and necessary to be required in the future;

(g) the reasonable value of past earnings lost as a result of the injury;

(h) the present cash value of future earning capacity lost because of the injury, taking into consideration the plaintiff's earning power, age, health, life expectancy, mental and physical abilities, habits, and any other circumstances shown by the evidence;

(i)  lost fringe benefits of his employment  (both past and future);

(j)  the reasonable value of necessary services provided by another in doing things

for the plaintiff, which, except for the injury, the plaintiff would ordinarily

have performed himself; and

(k)  the present cash value of such services reasonably certain to be required in the

future.

## Request for Relief

16.     The plaintiff seeks a judgment and award of damages in an amount that is fair and

reasonable to compensate him for these injuries and damages listed in paragraph 15 of this

complaint, and for: (a) all pre-judgment and post-judgment interest allowed by law; (b) all relief

allowed under FELA not specifically requested in this complaint; (c) for his costs to bring this

action; and (d) for all other relief deemed just and proper by this Court.

## Jury Trial Demand and Designation of Place for Trial

17.     Under Fed.R.Civ.P. 38, the plaintiff demands a trial by jury.  Under Local Rule

40.2, he designates **KANSAS CITY, KANSAS** as the place for trial.

Respectfully submitted,

**HUBBELL PEAK O'NEAL NAPIER & LEACH**

/s/ Jarrett A. Johnson
Jarrett A. Johnson  (D. Kan # 78021)
Union Station – Suite 350
30 West Pershing Road
Kansas City, Missouri 64108
Telephone:    816-221-5666
Facsimile:    816-221-5259

*and*

COMPLAINT   5

G. Michael Fatall (D. Kan # 13603)
Suite 1500
1125 Grand Blvd.
Kansas City, Missouri 64106-2500
Telephone:     816-471-6444
Facsimile:     816-471-6664

***ATTORNEYS FOR PLAINTIFF***

COMPLAINT    6